```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
JOB MARTIN GRANT-COBHAM,                                   :
                                                           :
                            Plaintiff,                     :
                                                           :    MEMORANDUM DECISION
            - against -                                    :    AND ORDER
                                                           :
CAPTAIN MARTINEZ et al.,                                   :    20-cv-1947 (BMC) (LB)
                                                           :
                            Defendants.                    :
                                                           :
---------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se*, a prisoner in the Rikers Island Correctional Center, brings this § 1983 lawsuit against a bevy of corrections officers and medical personnel for creating or contributing to unsanitary prison conditions. Plaintiff's request to proceed *in forma pauperis* is granted and his request for the appointment of counsel is denied without prejudice. Because plaintiff's complaint does not plausibly allege unconstitutionally deficient prison conditions, it is dismissed with leave to amend within 20 days of this Order.

## BACKGROUND

Plaintiff *pro se* is currently incarcerated at the George R. Vierno Center ("GRVC") on Rikers Island, although he doesn't say whether he is a pre-trial detainee or a convicted prisoner. Plaintiff's long (174-pages with attachments), semi-coherent complaint, naming 21 defendants, asserts a litany of individual grievances regarding his conditions of confinement in the prison. According to the pleading, plaintiff has "been exposed to inhalation of polluted smoke, human waste as well as the methane or 'garbage' on Rikers Island."

In particular, plaintiff complains of (1) two inmates – "Smith" and "Lamumba" – who sometimes throw their feces within plaintiff's cell block, hitting plaintiff at least once; (2)

inmates and prison staff smoking on prison premises; (3) personal squabbles with an inmate named Sarrano regarding both Sarrano's smoking and his attempts to slander plaintiff; (4) commercial and/or bartering transactions between plaintiff and other inmates being undermined by prison personnel; (5) verbal abuse by prison personnel; (6) denial of services by private law firms; (7) insufficient attention from the prison medical staff to a rash on plaintiff's skin; (8) the stress accompanying having to endure the noise of other inmates, including their screaming, while the corrections officers ignore it; (9) lack of privacy in his cell and in the showers; (10) the prison's refusal to provide "a hat and tan sweater for cold conditions"; (11) unclean or "brown" water in the prison; (12) the smell of methane gas; (13) the presence of maggots and flies in plaintiff's cell; (14) sometimes being served cold food; and (15) delayed fulfilment of service requests for light bulb replacements and sink repairs.

Plaintiff has filed a number of administrative grievances about these incidents and conditions to no apparent avail.

## DISCUSSION

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, they must still plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court assumes all factual allegations contained in the complaint to be true, this principle is "inapplicable to legal conclusions." Id.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

A claim alleging deprivation of rights under 42 U.S.C. § 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). Furthermore, a plaintiff must show that each of the named defendants was personally involved in the wrongdoing or misconduct of which he complains. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

A prisoner subjected to unfit prison conditions also has recourse under § 1983. Specifically, prison officials have a duty under the Eighth Amendment (for convicted prisoners) and the Fourteenth Amendment (for pretrial detainees) to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations and citations omitted); Darnell v. Piniero, 849 F.3d 17, 29 (2d Cir. 2017) (comparing protections under the Eighth and Fourteenth Amendments). To be sure, the constitution "does not mandate comfortable prisons . . . but prisons nevertheless must provide humane conditions of confinement." Willey v. Kirkpatrick, 801 F.3d 51, 66 (2d Cir. 2015) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981), and Farmer, 511 U.S. at 832).

Although plaintiff begins his complaint with the promising allegation that he has "been exposed to inhalation of polluted smoke, human waste . . . methane . . . [and] garbage" while incarcerated on Rikers island, he goes on to detail conduct and circumstances that have nothing to do with deficient prison conditions. As a result, plaintiff wastes a great deal of time and paper complaining of items for which federal relief is unavailable. For example, "courts have consistently held that the mere allegation of verbal abuse, however repugnant it may be, does not rise to the level of a constitutional violation." Banks v. Cty of Westchester, 168 F. Supp. 3d 682, 691 (S.D.N.Y. 2016) (*colatus*[1]). In addition, because § 1983 only creates liability for persons acting *under color of state law*, plaintiff cannot sue private law firms for not representing him or his fellow inmates for slander and nuisance under that statute. See 42 U.S.C. § 1983; Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). Finally, there are certain rights, such as privacy and freedom of movement, that may be limited or completely voided in order to "maintain[] institutional security and preserv[e] internal order" within a prison. See Bell v. Wolfish, 441 U.S. 520, 546 (1979).

Given the above limitations on the types of claims that can be brought under § 1983, most of plaintiff's allegations must be dismissed to the extent they are asserted as discrete causes of action. But plaintiff's main grievance – that he has been forced to endure substandard living conditions – *may* amount to a violation of the constitution if the prison has failed to provide "adequate food, clothing, shelter [or] medical care" or otherwise healthy and safe conditions. See Farmer, 511 U.S. at 832-33. Nevertheless, plaintiff has not plausibly alleged that any of his living conditions reflect a level of deprivation that is cognizable under the Eighth or Fourteenth Amendments.

---

[1] I.e., edited citation.

4

He says, for instance, that on certain occasions, inmates Smith and Lamumba have thrown their feces at or near him. But does the prison leave this waste in his cell for long periods of time? Is this occurrence so frequent that it would reasonably demand plaintiff's or the prisoners' relocation? Does the fecal matter build up to the extent that plaintiff's health is placed at risk? Plaintiff must tell the Court more in order to state a claim under § 1983.

And as for the smells of methane, garbage, and smoke, are there medical reports showing that these conditions made plaintiff physically infirm? Are there actual traces of methane or smoke built up in plaintiff's vicinity such that he is forced to inhale the toxins? These are among of the considerations that man the gate between mere discomfort and a lack of "humane conditions of confinement." Willey v. Kirkpatrick, 801 F.3d at 66.

Plaintiff also complains that certain "[r]ashes on [his] skin from physical injuries" were "not taken seriously by health officials." Specifically, the medical staff gave plaintiff medication that was "not consistent with" the lotion proscribed for his rashes. And plaintiff did not "receive alternate lotion to 'hydrocortisone,'" which he says gives him migraines. Although failure to provide certain medical treatment may amount to "deliberate indifference to serious medical needs of prisoners," see Estelle v. Gamble, 429 U.S. 97, 104 (1976), it is not clear from plaintiff's complaint whether his situation can fairly be described as the "wanton infliction of unnecessary pain" or that it was otherwise "repugnant to the conscience of mankind." Id. at 104-06 (discussing Gregg v. Georgia, 428 U.S. 153, 173 (1976), and Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 463, 471 (1947)). All plaintiff has done is to allege that he disagrees with the decisions of the medical staff.

As submitted by plaintiff, the instant complaint appears to do nothing more than protest unpleasant aspects of prison conditions.

5

## CONCLUSION

The complaint is dismissed. In light of plaintiff's *pro se* status, the Court will permit him to file an amended complaint within 20 days from the date of this Order, but *only* to more fully describe the unsanitary conditions he was exposed to and the medical care he was denied. Plaintiff must also state whether he is a pre-trial detainee or a convicted prisoner. The amended complaint must be labeled "Amended Complaint" and include the index number of this case (20-cv-1947). This amended complaint will completely replace plaintiff's original complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                         U.S.D.J.

Dated: Brooklyn, New York
        April 30, 2020